**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANK ROBERT BILLIG,** | : | **No. 3:25-CV-1375** |
| | : | |
| **Plaintiff** | : | **(Caraballo, M.J.)** |
| | : | |
| **v.** | : | |
| | : | |
| **FRANK J. BISIGNANO, Commissioner of Social Security Administration,** | : | |
| | : | |
| **Defendant** | : | |

# MEMORANDUM

## I. Introduction

Plaintiff Frank Billig seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and supplemental security income ("SSI") under Title II and Title VXI of the Social Security Act, respectively. The Court has jurisdiction pursuant to Title 42, United States Code, Section 405(g), and Title 28, United States Code, Section 636(c).

Billig raises two primary challenges to Administrative Law Judge ("ALJ") Edward L. Brady's determination that Billig was not disabled

under the Social Security Act. First, Billig contends that the ALJ failed to explain why he rejected portions of a treating physician's opinion. Doc. 11, at 1. Second, Billig posits that the ALJ erred in evaluating medical opinion evidence when determining Billig's residual functional capacity. *Id.* The matter is fully briefed and ripe for decision.

As explained below, ALJ Brady's residual functional capacity determination was not supported by substantial evidence because he failed to explain why, despite finding the relevant medical opinion persuasive, he declined to incorporate its limitation to one and two-step tasks. This discrepancy precludes meaningful judicial review because, absent further explanation from the ALJ, the Court cannot discern whether the limitation was considered and intentionally rejected, or inadvertently omitted. Accordingly, the Court vacates the Commissioner's decision to deny Billig's claims for social security disability and SSI benefits and remands this case for proper consideration of the one and two-step task limitation.

## II. Background[1]

On October 11, 2022, Frank Billig applied for disability insurance and SSI benefits, alleging disability as of July 20, 2022, due to bipolar disorder, ADD, pain in right leg, diabetes, and hypertension. Tr. 95. The Social Security Administration ("SSA") denied Billig's application on July 13, 2023, *id.* at 157-66, and again upon reconsideration on November 20, 2023. *Id.* at 169-175. Billig accordingly requested and received a hearing on May 7, 2024. *Id.* at 43-70; 182-83; 229-46.

On October 16, 2024, ALJ Brady issued a decision concluding that Billig was not disabled. *Id.* at 14-37. Billig appealed to the Social Security Appeals Council on October 27, 2024. *Id.* at 264-65. The Appeals Council denied his request on May 30, 2025. *Id.* at 1-6. The instant appeal followed. Doc. 1. The Commissioner provided the record on September 29, 2025. Doc. 10. The parties then filed their respective briefs, leaving this matter ripe for decision. Docs. 11, 13-14.

[1] As the parties and the Court are well-acquainted with the facts underlying this appeal, the Court only provides a brief summary of the procedural history, and addresses the pertinent facts in the discussion below.

## III. Discussion

### A. Standard of Review

Review of the Commissioner's decision denying a claimant's application for social security disability benefits is limited to determining whether the factual findings of the final decisionmaker are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008). Substantial in this context is "more than a mere scintilla of evidence but may be less than a preponderance." *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988) (citation omitted). Put more pointedly, it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In an adequately developed record, this can mean "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n.*, 383 U.S. 607, 620 (1966) (citations omitted).

Under this deferential standard, "[f]actual findings which are supported by substantial evidence must be upheld." *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012) (citations omitted); 42 U.S.C. § 405(g). This Court's role is not to re-weigh the evidence and make factual determinations, but to simply review the record and ensure that the ALJ provided "a discussion of the evidence and an explanation of reasoning for her conclusion sufficient to enable meaningful judicial review." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations and quotations omitted). An ALJ meets that standard by stating "in her decision which evidence she has rejected and which she is relying on as the basis for her finding." *Schaudeck v. Comm'r of SSA*, 181 F.3d 429, 433 (3d Cir. 1999) (citations omitted). Moreover, when there is countervailing evidence, an ALJ must "give some reason for discounting the evidence she rejects." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (citation omitted); *see also Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993) (holding that substantial evidence standard is unmet when the ALJ fails to resolve conflicts created by countervailing evidence).

**B. The ALJ's Failure to Explain the Exclusion of a One and Two-Step Task Limitation**

Billig posits that, notwithstanding ALJ Brady's determination that the opinion of state agency psychologist Dr. Timothy Ostrich was persuasive, the ALJ failed to account for a limitation to "one and two-step tasks/instructions" in Billig's residual functional capacity. Doc. 11 at 13-14; Tr. 141, 153. More expansively, Billig contends that ALJ Brady's failure to address the limitation to one and two-step tasks conflicts with the ALJ's step five determination, which concluded that Billig could perform jobs requiring reasoning levels of 2 and 3. Doc. 11 at 14-15. The Commissioner responds that the decision is supported by substantial evidence because the ALJ was not obligated to adopt every limitation opined by medical experts. Doc. 13 at 13-14 (citing *Reichenbach v. Comm'r of Soc. Sec.*, 2024 WL 4336301, at *1 n.1 (W.D. Pa. 2024) (affirming decision despite the ALJ's failure to incorporate an identified one to two-step instruction limitation)).

The ALJ is tasked with assessing a claimant's residual functional capacity. 20 C.F.R. § 404.1546(c); SSR 96-8p, 1996 WL 374184 (S.S.A. 1996). "Residual functional capacity is defined as that which an individual is still able to do despite the limitations caused by his or her

impairment(s)." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 (3d Cir. 1999)). A residual functional capacity reflects the *most* that an individual can still do, despite his or her limitations, and is used at steps four and five of the ALJ's analysis. 20 C.F.R. §§ 404.1520, 404.1545; SSR 96-8P, 1996 WL 374184, at *2. Although all evidence of record is considered, the ALJ's determination must be supported by medical evidence. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).

The ALJ need not adopt every limitation expressed by an expert, as it is well-established that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and [residual functional capacity] determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). Nevertheless, "while the ALJ may choose which medical opinions are persuasive, for each limitation opined necessary by a persuasive medical source, the ALJ is obligated to either: (1) incorporate that limitation in the claimant's [residual functional capacity], or (2) explain the basis for discounting that limitation. Such an obligation ensures that any omission was intentional and supported by substantial evidence in the

record." *Lombardo v. Bisignano*, 2026 WL 674198, at *1 (M.D. Pa. 2026) (citations and quotations omitted).

With these obligations in mind, several courts within the Middle District, including the undersigned, have recently held that an ALJ's "unexplained failure [] to incorporate a one-to-two-step task limitation set forth in a medical opinion deemed persuasive constitutes error which may compel remand." *Id.*; *see also Simon v. Kijakazi*, 2022 WL 828935, at *10 (M.D. Pa. 2022) ("While the ALJ certainly was not required to include this [one and two-step] limitation, the ALJ was required to explain the failure to include this limitation, particularly because the ALJ found this opinion to be generally persuasive and supported by the record."); *Reichner v. Bisignano*, 2026 WL 3034503, at *1 (M.D. Pa. 2026); *Shipman v. Kizakazi*, 2023 WL 5599607, at *8 (M.D. Pa. 2023); *Pokorny v. Kijakazi*, 2023 WL 6988360, at *6 (M.D. Pa. 2023).

At issue here is the medical opinion of state agency psychologist Timothy Michael Ostrich, Psy.D. On October 27, 2023, Dr. Ostrich completed a Psychiatric Review Technique and Mental Residual Functional Capacity Reassessment, in which he identified moderate mental limitations and opined that Billig "can understand, retain and

follow simple instructions (i.e., perform/follow one and two-step tasks/instructions)." Tr. 135-41.

ALJ Brady found Dr. Ostrich's opinion to be persuasive. *Id.* at 35. More specifically, the ALJ concluded that "Dr. Ostrich's opinion that [Billig] can understand, retain, and follow simple instructions" was consistent with other medical opinions and the evidence in the record, which indicated that Billig "recalled and understood instructions" and "worked with reflection and deliberation." *Id.* The ALJ relied on this opinion, among others, in formulating the following residual functional capacity:

> [T]he claimant has the residual functional capacity to perform a limited range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is capable of standing and/or walking for four hours in an eight-hour workday. The claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but never climb ladders, ropes, or scaffolds. He should avoid concentrated exposure to extreme cold, humidity, vibrations, and hazards. ***The claimant can carry out detailed, but uninvolved, instructions to perform simple, routine, and repetitive tasks, involving only simple work-related decisions***, and with occasional workplace changes. He can tolerate no interaction with public, and frequent with coworkers and supervisors.

*Id.* at 26 (emphasis added). ALJ Brady failed to address the one and two-step task limitation identified by Dr. Ostrich, either by

incorporating it into Billig's residual functional capacity or explaining that omission. Absent such an explanation, the Court is unable to discern whether the one and two-step task limitation was considered and intentionally rejected, or inadvertently omitted.[2] To this extent, the ALJ's decision is not supported by substantial evidence. Further, this error is not harmless and warrants remand for the reasons discussed below.

The Dictionary of Occupational Titles ("DOT") describes the general educational development of each occupation, including the required reasoning development levels. The DOT explains that, in occupations with a reasoning level of 1, satisfactory job performance requires that an employee be able to "[a]pply commonsense

[2] The Court also notes that the instant case is distinguishable from *Reichenbach v. Comm'r of Soc. Sec.*, 2024 WL 4336301 (W.D. Pa. 2024), upon which the Commissioner relies. In *Reichenbach*, the Court explained that the ALJ's decision was supported by substantial evidence, notwithstanding its failure to adopt the one to two-step task limitation identified in two medical opinions that were "generally persuasive," because the ALJ "adequately explained the basis for his [residual functional capacity] findings." *Id.* at *1 n.1. Here, the Court finds that ALJ Brady did not adequately explain the basis for his findings. Further, a growing body of courts within this district supports remand where an ALJ fails to explain the omission of a one to two-step task limitation despite deeming the relevant medical opinion persuasive. *See, e.g., Rayner v. Bisgnano,* 2026 WL 3016232, at *1 (M.D. Pa. 2026); *Sarah C. v. Bisignano*, 2026 WL 625094 (M.D. Pa. 2026); *McCleary v. Bisignano*, 2026 WL 625113 (M.D. Pa. 2026); *Delillo v. Bisignano*, 2026 WL 592389, (M.D. Pa. 2026); *Warren v. Dudek*, 2025 WL 1168276 (M.D. Pa. 2025).

understanding to carry out simple one-or two-step instructions." DOT, Appendix C, 1991 WL 688702. In occupations with a reasoning level of 2, satisfactory job performance requires that an employee be able to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." DOT, Appendix C, 1991 WL 688702. Courts have interpreted this to mean that, generally, a limitation to one and two-step tasks is consistent with occupations requiring a reasoning level of 1, but *inconsistent* with occupations requiring reasoning levels of 2 or above. *See, e.g., Shipman*, 2023 WL 5599607, at *10; *Ferrebee v. Kijakazi*, 2022 WL 905153, at *4 (M.D. Pa. 2022); *Lombardo*, 2026 WL 674198, at *2. The undersigned agrees with that rationale.

Here, ALJ Brady determined that Billig "can carry out detailed, but uninvolved, instructions to perform simple, routine, and repetitive tasks, involving only simple work-related decisions, and with occasional workplace changes." Tr. 26. Based on this finding, the ALJ concluded that Billig could not return to his past work but could perform other work in the national economy, namely, reasoning level 2 or 3

occupations that exceeded the one and two-step task limitation opined by Dr. Ostrich.[3]

Because ALJ Brady did not identify at least one occupation existing in significant numbers that Billig can perform with a reasoning level of 1, the ALJ's failure to explain his decision not to incorporate the one and two-step task limitation is not harmless error. *See Michelle M. v. Bisignano*, 2025 WL 2713737, at *8 (M.D. Pa. 2025). Accordingly, the Court will remand this case to the Commissioner for further consideration.[4] While the Court concludes that this error compels a remand, nothing in this opinion should be deemed as expressing a judgment on what the ultimate outcome of any reassessment should be. Instead, that judgment remains entirely within the province of the ALJ.

---

[3] During the hearing, the vocational expert testified that the following jobs were available to the hypothetical individual ALJ Brady described, which the ALJ relied upon in determining that other work existing in significant numbers in the national economy was available to Billig: (1) Router, DOT # 222.587-038 (reasoning level 2); (2) Small Products Assembler, DOT # 739.687-030 (reasoning level 2); and (3) Mail clerk, DOT # 209.687-026 (reasoning level 3).

[4] Because the Court has determined that remand is required to properly consider the one and two-step task limitation, the Court declines to address Billig's remaining challenges. The Court nevertheless recognizes the thoroughness of the ALJ's decision and notes that, to the extent any remaining contention would require re-weighing the evidence already considered by the ALJ, it would not afford a basis for disturbing the ALJ's decision. *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009).

## IV. Conclusion

For the reasons set forth above, the Court will **VACATE** the decision of the Commissioner and **REMAND** this case for further proceedings. A separate order shall follow.

Date: October 15, 2026

***s/ Phillip J. Caraballo***
Phillip J. Caraballo
United States Magistrate Judge